FILED
U.S. ... COURT
...IV.
...JUN... PM 4:35
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CURTIS SPIRES, a/k/a, Jimmie Canupp, Jr., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.: CV611-045 |
| JOHN PAUL; Officer MYER; Sgt. THOMAS; LARRY BREWTON; TAMMIE THOMAS; Lt. BRADDY; DOUG WILLIAMS; and MEDICAL DEPARTMENT, | : |
| Defendants. | : |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff states that in July 2010, he was housed with another inmate, Deandra Lee ("Lee"). Plaintiff claims he told Defendant Brewton several times in August that he feared that Lee would harm him. Plaintiff asserts he was punched by Lee on August 12, 2010. Plaintiff states Defendant Sgt. Thomas saw Plaintiff's black eyes from the punches and was told by Defendant Sgt. Thomas to "fight back." (Doc. No. 1, p. 9). Plaintiff claims that on August 18, 2010, he told Defendants Sergeant Thomas and Braddy that Lee had been denying Plaintiff his meals, and sexually and physically assaulting Plaintiff. Plaintiff states on August 18, 2010, he was moved to protective custody, but that his electronics were all missing.

AO 72A
(Rev. 8/82)

Plaintiff states he was later given a disciplinary report for pot possession and was moved to an isolation cell. Plaintiff states Defendant Tammie Thomas told Plaintiff that he would be in isolation with no water. Plaintiff states he had no running water in his isolation cell and his repeated requests for running water were ignored. He claims he was forced to drink toilet water for several months. Plaintiff asserts he notified Defendant Paul that he had no water. Plaintiff states that Defendant Paul responded, "You have no water in you cell in which to drink from, should have thought of the consequences before you got caught with dope! You made yet another bad decision that cost you the privilege of walking around. If your sink fountain does not work inform cell block officer so that they can do a work order." (Doc. No. 1, p. 15).

Plaintiff asserts he began to suffer from vomiting and diarrhea from drinking his toilet water. He claims he was moved back into a dorm with Lee on October 18, 2010. Plaintiff claims Lee instantly attacked Plaintiff, and Plaintiff suffered head injuries and a broken finger. Plaintiff states he contacted Defendant Williams concerning Lee's attacks on Plaintiff, but never received a response. Plaintiff states his broken bones from the attack were not treated in a timely manner. He claims more personal property was taken in February and that Defendant Myer was responsible for the theft.

The Due Process Clause of the Fourteenth Amendment provides no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. The intentional deprivation of property gives rise to a Due Process Clause violation only when the State fails to provide an adequate post deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). Pursuant to O.C.G.A. § 51-10-1, Georgia has created a civil cause of action for the wrongful

deprivation of personal property. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Accordingly, Plaintiff is not entitled to relief on this claim.

Plaintiff names as a Defendant "Georgia State Prison Medical Department." A jail's medical staff is not a person or an entity subject to suit because it does not have legal existence. Jones v. Irwin County Jail, No. 7:09CV148, 2009 WL 5108233 at *2 (M.D. Ga. Dec. 17, 2009).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants Myer and Georgia State Prison Medical Department be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)