IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CURTIS SPIRES, a/k/a,
Jimmie Canupp, Jr.,

    Plaintiff,

v.                             CIVIL ACTION NO.: CV611-045

LARRY BREWTON and
DOUG WILLIAMS,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants Brewton and Williams ("Movants") filed a Motion for Summary Judgment, and Plaintiff filed a Response. Movants filed a Reply. For the reasons which follow, Movants' Motion should be **GRANTED**. Movants also filed a Motion in Limine. That Motion is **DISMISSED** as moot.

## STATEMENT OF THE CASE

Plaintiff asserts that in July 2010, he was housed with another inmate, Deandra Lee ("Lee"). Plaintiff claims he told Defendant Brewton several times in August that he feared that Lee would harm him. Plaintiff asserts he was punched and sexually assaulted by Lee on August 12, 2010. Plaintiff states he was moved to protective custody later that day. Plaintiff claims he was moved back into a dorm with Lee on

October 18, 2010. Plaintiff claims Lee instantly attacked Plaintiff, and Plaintiff suffered head injuries and a broken finger. Plaintiff states he contacted Defendant Williams concerning Lee's attacks on Plaintiff, but never received a response.

Movants contend that Plaintiff cannot sustain his failure to protect claim against them. Movants also contend that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to

2

support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

Movants assert that they knew Lee was a troublemaker, but neither of them "perceived [Lee] to be a particularly violent inmate." (Doc. No. 93-1, p. 2). Movants assert that most of Lee's previous disciplinary infractions involved unauthorized presence, failure to follow instructions, and insubordination. Movants also assert that the only history of violence from Lee involved self-injury and was at another prison. Movants contend that neither of them was aware of Plaintiff's fear of Lee. Movants also contend that, though Plaintiff asserts that he submitted witness forms expressing his concerns about Lee, they never received these forms before August 12, 2010. Defendant Brewton avers that he received a witness statement from Plaintiff on August 17, 2010, and Defendant Brewton forwarded Plaintiff's statement to the classification committee. Plaintiff was placed in protective custody the next day.

Movants allege that they had nothing to do with the decision to move Plaintiff on October 18, 2010, to the building where Lee was living. Movants assert that there is no evidence that Defendant Brewton was aware of any violence on October 18, 2010, prior to Plaintiff's alleged assault by Lee on this date. Movants contend that, at most, Plaintiff's evidence reveals that Defendant Williams may have been aware of another

3

act of violence in the same building earlier in the day. However, according to Movants, this knowledge would not have placed Defendant Williams on notice that Plaintiff was at risk of harm from Lee.

Plaintiff counters that, between August 9 and 18, 2010, he spoke with Defendant Brewton twice. Plaintiff states that he told Defendant Brewton on one (1) occasion that he feared for his life and asked for Defendant Brewton's help. Plaintiff also states that Defendant Brewton said, "'Don't worry about it.'" (Doc. No. 100 p. 2). Plaintiff contends that he wrote several statements in order to be placed in protective custody. Plaintiff also contends that he was pulled out of his cell on August 18, 2010, because he was on a hunger strike. Plaintiff contends that he asked not to be placed in the same cell as Lee again and begged to be placed in protective custody. Plaintiff avers that he wrote to Internal Affairs eight (8) days before Lee assaulted him a third time on October 18, 2010. Plaintiff also avers that, after Lee assaulted him on October 18, 2010, he spoke with Movants. Plaintiff states that, once he told Movants he had been assaulted, Defendant Williams said, "'This is the second attack in this dorm in an hour and a half.'" (Doc. No. 100, p. 4).

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of [his] Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313, 1319 (11th Cir. 2005)).

4

"To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14. In other words, "to find deliberate indifference on the part of a prison official, a plaintiff inmate must show: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." Thomas v. Bryant, 614 F.3d 1288, 1312 (11th Cir. 2010).

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

AO 72A
(Rev. 8/82)

The evidence before the Court reveals that there are no genuine disputes as to any fact material to Plaintiff's deliberate indifference claims. Specifically, Defendant Brewton declares in his affidavit that Plaintiff claims he submitted witness statement forms on August 10 and 12, 2010, and expressed his fear of Lee. Defendant Brewton also declares, however, that he did not see these forms, and he was not made aware of any fear Plaintiff may have had. In addition, Defendant Brewton has no recollection of any conversation with Plaintiff in which he expressed his fear of Lee. Defendant Brewton states that he did receive Plaintiff's August 17, 2010, witness statement form, which he (Defendant Brewton) forwarded to the classification committee. Defendant Brewton affies that Plaintiff was placed in protective custody the next day. Defendant Brewton declares that he knew that Lee was a troublemaker based on his disciplinary history and personal experience with Lee, but he had no perception that Lee was a violent inmate. Defendant Brewton also declares that he was not aware of any act of violence on October 18, 2010, which occurred prior to the assault Plaintiff claims inmate Lee committed. In addition, Brewton states that he had no report of Lee being involved in an act of violence on October 18, 2010, other than the act Plaintiff reported. (Doc. No. 94-3).

Defendant Williams declares that he never viewed Lee as a threat to Plaintiff's health or safety based on the information available to him. Defendant Williams also declares that he has no recollection of being made aware of any act of violence involving Lee or any other inmate prior to the assault Plaintiff claims Lee committed against him on October 18, 2010.[1] (Doc. No. 94-2, pp. 2-4).

---

[1] Defendant Williams' affidavit, as filed, appears to be missing a page. Page two of Defendant Williams' affidavit stops with paragraph 3, and page three of this affidavit begins with paragraph 12. In alignment

Movants have presented evidence which reveals that they meet their burden of showing that there are no genuine disputes as to any fact material to Plaintiff's deliberate indifference claims and that they are entitled to judgment as a matter of law. In an effort to overcome his burden of showing that there is a genuine dispute, Plaintiff submitted over 400 pages of largely irrelevant materials. For instance, Plaintiff submitted Lee's disciplinary records, which Defendants provided during discovery. Inmate Lee has quite an extensive history of disciplinary issues, based on these records. However, there is nothing in these records which indicates that Movants knew or should have known Lee was a violent inmate or that he presented a risk to Plaintiff's safety or health. These records reveal that Lee had disciplinary reports filed on him on October 26, 2004, and between November 2007 and October 15, 2010, while he was housed at Georgia State Prison. Many of Lee's charges involved his failure to follow instructions, insubordination, and obstruction of officers' duties. (Doc. No. 100-11, pp. 11-17). The one instance of a disciplinary infraction against Lee at Georgia State Prison which does not fall under these categories was on September 9, 2009, and involved damage to utilities. (Id. at p. 12). There is nothing contained in Lee's disciplinary records which establishes the possibility that Movants knew or should have known that Lee presented a risk to Plaintiff's safety before August 2010 or October 18, 2010. The only evidence that Lee was charged with committing an act of violence to another inmate while housed at Georgia State Prison occurred on March 2, 2011, which

---

with the other evidence of record, the undersigned presumes that paragraphs 4 through 11 of Defendant Williams' affidavit details his lack of knowledge of any risk of harm Plaintiff faced from Lee in August 2010. There is evidence, including the parties' Statements of Material Facts and Plaintiff's deposition testimony, that Williams had absolutely no reported contact with Plaintiff in August 2010 which would have put Defendant Williams on notice that Plaintiff faced a risk of harm from Lee. Plaintiff does not present any evidence or argument to refute this assertion, and thus, Plaintiff fails to create a genuine dispute on any fact material to this portion of his deliberate indifference claims.

7

AO 72A
(Rev. 8/82)

was several months *after* the events Plaintiff complains of in this cause of action. Any instances potentially involving violence at the hands of Lee occurred several years prior to the alleged assaults forming the bases of Plaintiff's claims and occurred at prisons other than Georgia State Prison. (Id. at pp. 13-15).

Assuming, *arguendo*, that Plaintiff's evidence regarding Lee's disciplinary record were relevant to the issues before the Court on this Motion, Plaintiff cannot survive Movants' Motion. The Eleventh Circuit Court of Appeals has made it clear that "a state official acts with deliberate indifference when he disregards a risk of harm of which he is *actually aware*." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (emphasis in original) (citing Farmer, 511 U.S. at 836). Further, allegations of a jail official's generalized awareness that someone is "a 'problem inmate' with a well-documented history of prison disobedience and [is] prone to violence" is not enough to show [his] subjective awareness that the inmate poses a substantial risk of serious harm" to other inmates. Gross v. White, 340 F. App'x 527, 531 (11th Cir. 2009) (citing Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003)).

Plaintiff also has submitted a copy of a witness statement, purportedly written by Lee. In this statement, Lee stated that he was having problems with his roommate because his inmate was threatening to harm himself, had requested protective custody twice, and was on a hunger strike. Lee also stated that "somebody needs to do something before it gets out of hand and we are forced into a conflict." (Doc. No. 100-11, p. 94). However, there is nothing in the record which leads the undersigned to conclude that this undated statement, written to an unidentified person, provided Movants with knowledge that Lee presented a risk to Plaintiff's safety on or before

8

August 12, 2010. Thus, this Statement does nothing to create a genuine dispute as to any fact material to Plaintiff's deliberate indifference claims.

The only evidence relevant to the question of whether Movants may have been aware of a risk to Plaintiff's safety because of Lee can be found at Plaintiff's Exhibit DD and the transcript of Plaintiff's deposition. Plaintiff's Exhibit DD is a document Plaintiff states is a true and correct declaration, under penalty of perjury, that he told Defendant Brewton he was in "fear for [his] life from Deandra Lee[. Defendant Brewton's] response was: 'Don't worry about it.'" (Doc. No. 100-9, p. 8). This declaration was executed on August 10, 2011 (not 2010). Even accepting the contents of this declaration as true, as the Court must, there is no evidence that Plaintiff made this statement to Defendant Brewton *before* Lee allegedly assaulted him in August or October 2010 so that Defendant Brewton may have arguably been aware of a risk of harm to Plaintiff's safety. In fact, during his deposition, Plaintiff stated that he spoke to Defendant Brewton about needing help and wanting to talk to him (Defendant Brewton), and Defendant Brewton responded, "'Don't worry about it.'" (Doc. No. 94-1, pp. 35-36). Plaintiff also stated that he believed he had this conversation after Lee's August 12, 2010, assaults. (Id. at p. 36).

In short, Plaintiff has failed to create a genuine dispute as to any facts material to a determination of whether Movants were aware of a risk to Plaintiff's safety before he allegedly was assaulted by another inmate and that Movants were deliberately indifferent to this risk. It is unnecessary to address the remaining portion of Movants' Motion.

9

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Movants' Motion for Summary Judgment be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's claims against Defendants Brewton and Williams be **DISMISSED**.

**SO ORDERED and REPORTED** and **RECOMMENDED**, this 25th day of October, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)