IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CURTIS SPIRES, a/k/a,
Jimmie Canupp, Jr.,

    Plaintiff,

v.     CIVIL ACTION NO.: CV611-045

LARRY BREWTON and
DOUG WILLIAMS,

    Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that the Magistrate Judge "has it all wrong[.]" (Doc. No. 108, p. 1). Plaintiff contends that he was assaulted on August 12, 2010, and was not moved to protective custody until August 18, 2010. Plaintiff states that he was made to suffer seven (7) "days of torture [at] the hands of an animal." (Id.). It is clear that the Magistrate Judge recognized that Plaintiff claims involve an alleged August 12, 2010, assault and that Plaintiff was moved to protective custody on August 18, 2010. (Doc. No. 106, pp. 3-4, 6). To the extent the Magistrate Judge noted that Plaintiff was moved to protective custody on August 12, 2010, (id. at p. 1), it appears that the Magistrate Judge was recounting the allegations Plaintiff made in his original Complaint. In addition, Plaintiff's first mention of his factual allegation that he was made to suffer seven (7) days of torture because of inmate Lee was made in his Objections. The Court generally does not consider matters first raised in a party's

objections and will not do so at this time. Williams v. McNeil, 557 F.3d 1287 (11th Cir. 2009). Even if the undersigned were to consider this allegation, Plaintiff has presented no evidence supporting this allegation or which would create a genuine dispute as to any fact material to his deliberate indifference claim.

Plaintiff also asserts that he made a typographical error in the declaration dated August 10, 2011, which should have been dated August 10, 2010. Even considering this declaration as detailing a conversation Plaintiff and Defendant Brewton may have had on August 10, 2010, there still is not a genuine dispute as to any fact material to Plaintiff's deliberate indifference claims. As the Magistrate Judge noted, there is simply no evidence that Defendant Brewton knew or should have known before Plaintiff was allegedly assaulted that inmate Lee posed a risk to Plaintiff's health. Rather, Plaintiff testified during his deposition that he thought he had this conversation with Defendant Brewton after inmate Lee assaulted him on August 12, 2010. (Doc. No. 94-1, p. 36).

Plaintiff's Objections are overruled. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Movants' Motion for Summary Judgment is **GRANTED**. Plaintiff's claims against Defendants Brewton and Williams are **DISMISSED**. As Plaintiff has no remaining claims and there are no Defendants remaining in this case, the Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this ___ day of ___ Nov ___, 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)