IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 12:44 pm, May 25, 2018*

| | |
|---|---|
| CURTIS SPIRES, a/k/a JIMMIE CANUPP, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 6:11-cv-45 |
| v. | |
| JOHN PAUL; and OFFICER TAMMIE THOMAS, | |
| Defendants. | |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement during his incarceration at Georgia State Prison in Reidsville, Georgia. (Doc. 1.)  For the reasons set forth below, I **RECOMMEND** the Court **DENY** Defendants' Motion for Summary Judgment, (doc. 134), as to qualified immunity.

**BACKGROUND[1]**

Plaintiff filed this Section 1983 action in May 2011 alleging that Defendants violated his rights under the Eighth Amendment by depriving him of adequate drinking water and forcing him to drink from the toilet.[2]  (Doc. 1.)  Defendants filed a Motion to Dismiss for failure to state a claim and because they were entitled to qualified immunity.  (Doc. 28.)  The Court granted

---

[1] The recited facts represent the facts in the record and draw all reasonable inferences in the light most favorable to Plaintiff, the non-moving party.  See Peppers v. Cobb County, 835 F.3d 1289, 1295 (11th Cir. 2016).  Additionally, the Court's prior Orders, and in particular, the Eleventh Circuit Court of Appeals opinion dated November 8, 2017, (doc. 174), lay out the factual and procedural history of this case in greater detail.

[2] Plaintiff's Complaint also contained Eighth Amendment failure to protect claims that the Court dismissed and the Eleventh Circuit upheld.  (Doc. 120.)  Because those claims have been adjudicated, the Court will not discuss the facts or procedural history related to those claims.

Defendant's Motion and dismissed Plaintiff's claims. (Docs. 52, 62.) Plaintiff appealed and the Eleventh Circuit reversed the Court's decision. (Doc. 120 [hereinafter <u>11th Cir. Op. I</u>].) The Eleventh Circuit found that Plaintiff alleged sufficient facts to state a plausible claim that defendants "acted with deliberate indifference to an unreasonable risk of serious harm to Spires's health." (<u>Id.</u> at p. 17.) The Eleventh Circuit further determined that Defendants were not entitled to qualified immunity because "it would be abundantly clear to a reasonable officer that housing an inmate in a cell without potable water for at least several days would violate the inmate's constitutional rights." (<u>Id.</u> at p. 18.)

On remand, Defendants filed a Motion for Summary Judgment. (Doc. 134.) The Court granted the Motion after finding that Plaintiff could not establish a genuine dispute of material fact as to his Eighth Amendment claims. (Docs. 151, 155.) The Court did not reach the issue of qualified immunity but did note that "Defendants likely would nonetheless be entitled to summary judgment on the basis of qualified immunity." (Doc. 151, p. 13 n.6.) Plaintiff again appealed the Court's decision. (Doc. 157.) The Eleventh Circuit reversed the Court's grant of summary judgment and found that "Spires has raised a genuine dispute of material fact on his claims that the defendants violated his Eighth Amendment rights." (Doc. 174, pp. 15–16 [hereinafter <u>11th Cir. Op. II</u>].) The Eleventh Circuit remanded for a decision on qualified immunity. (<u>Id.</u> at p. 16.) Accordingly, the Court ordered briefing on the issue of qualified immunity and the parties each filed their briefs. (Docs. 175, 177–178.)

**STANDARD OF REVIEW**

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is genuine and summary judgment is

2

inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." See Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)).

## DISCUSSION

Defendants contend they are entitled to qualified immunity because Plaintiff cannot demonstrate that the law was clearly established at the time the incident occurred. (Doc. 177,

3

pp. 4–5.) Defendants rely on the Eleventh Circuit's decision in Hall v. Plumber Official, 446 F. App'x 184 (11th Cir. 2011) (per curiam), as support for their argument. (Id.)

Plaintiff argues that qualified immunity does not apply because Defendants had "plenty of notice that the Constitution prohibits prison officials from . . . withholding clean water for an extended period of time . . . as a means of punishment." (Doc. 178, p. 2.) For support, Plaintiff cites to the record and the Eleventh Circuit's September 16, 2014 opinion denying Defendants qualified immunity at the motion to dismiss stage, (11th Cir. Op. I). (Doc. 178, pp. 2–5.)

The Court examines the parties' arguments below.

### I.   Legal Standard

Qualified immunity shields "government officials performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Lee v. Ferraro, 284 F.3d 1188, 1193–94 (11th Cir. 2002). "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation[.]" Id. at 1194.

This defense "reflects an effort to balance 'the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably.'" Jones v. Fransen, 857 F.3d 843, 850–51 (11th Cir. 2017) (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). "The doctrine resolves this balance by protecting government officials engaged in discretionary functions and sued in their individual capacities unless they violate 'clearly established federal statutory or constitutional rights of which a reasonable person would have known.'" Id. at 851 (quoting Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).

"As a result, qualified immunity shields from liability 'all but the plainly incompetent or one who is knowingly violating the federal law.'" Id. (quoting Lee, 284 F.3d at 1194). However, "the doctrine's protections do not extend to one who 'knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff].'" Id. (quoting Harlow, 457 U.S. at 815 (alteration and internal quotation marks omitted)). Additionally, "[b]ecause qualified immunity is only a defense to personal liability for monetary awards resulting from government officials performing discretionary functions, qualified immunity may not be effectively asserted as a defense to a claim for declaratory or injunctive relief." Ratliff v. DeKalb County, 62 F.3d 338, 340 n.4 (11th Cir. 1995).

## II.     Discretionary Authority

To receive qualified immunity, government officials must first establish that they were acting within their discretionary authority during the events in question. Maddox v. Stephens, 727 F.3d 1109, 1120 (11th Cir. 2013). Discretionary authority includes all actions of a governmental official that "(1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority." Dang ex rel. Dang v. Sheriff, Seminole Cty., 871 F.3d 1272, 1279 (11th Cir. 2017) (quoting Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988)).

Here, Plaintiff does not contest this issue, and it appears that Defendants were acting within their respective discretionary authorities. Defendants, while on duty as prison officials, assigned and transferred Plaintiff to his isolation cell and conducted other daily activities of prison administration during the events in question.

### III. Constitutional Violation

Once a defendant establishes that he was acting within the scope of his discretionary authority, "the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Dang, 871 F.3d at 1279 (quoting Lee, 284 F.3d at 1194). To make this showing, Plaintiff "must first prove that the facts alleged, construed in the light most favorable to it, establish that a constitutional violation did occur." Shaw v. City of Selma, 884 F.3d 1093, 1099 (11th Cir. 2018) (citing Smith v. LePage, 834 F.3d 1285, 1291 (11th Cir. 2016));see also Saucier v. Katz, 533 U.S. 194, 200 (2001).

As found by the Eleventh Circuit, at this stage of the litigation, Plaintiff has shown that Defendants "committed a clear violation of his rights under the Eighth Amendment." (11th Cir. Op. II, pp. 13, 15; see also 11th Cir. Op. I, p. 18 ("[I]t would be abundantly clear to a reasonable officer that housing an inmate in a cell without potable water for at least several days would violate the inmate's constitutional rights.").) Thus, having alleged a constitutional violation, Plaintiff must next demonstrate "that law existing at the time . . . clearly established that the conduct violated the constitution." Shaw, 884 F.3d at 1099 (citing Pearson, 555 U.S. at 232–36).[3]

### IV. Clearly Established Right

"The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202 (citing Wilson v. Layne, 526 U.S. 603, 615 (1999)). To determine "whether the law clearly established the relevant conduct as a constitutional violation at the time that Defendant Officers engaged in the challenged acts," the defendants must have

---

[3] Courts may "exercise their sound discretion in deciding" what order to analyze the constitutional violation and clearly established right prongs. Pearson, 555 U.S. at 236.

6

had "fair warning" that their conduct violated a constitutional right. Fransen, 857 F.3d at 851 (citing Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011) (citations and internal quotations omitted)). "'Fair warning' comes in the form of binding caselaw from the Supreme Court, the Eleventh Circuit, or the highest court of the state . . . that 'make[s] it obvious to all reasonable government actors . . . that what he is doing violates a federal law.'" Id. (alteration in original) (quoting Priester, 208 F.3d at 926 (citation omitted)).

While a plaintiff need not supply "a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." White v. Pauly, 580 U.S. ___, ___, 137 S. Ct. 548, 551 (2017) (per curiam). Notably, "officials can still be on notice that their conduct violates established law even in novel factual circumstances." Hope v. Pelzer, 536 U.S. 730, 741 (2002); see also Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) ("The 'very action in question' does not have to have been previously held unlawful, but the unlawfulness of the conduct must be apparent in light of pre-existing law." (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987))). A plaintiff may demonstrate that a defendant had "fair warning" that a right is clearly established in one of three ways: "(1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; or (3) conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." Maddox, 727 F.3d at 1121 (quoting Lewis v. City of West Palm Beach, 561 F.3d 1288, 1291–92 (11th Cir. 2009)); see also Fransen, 857 F.3d at 852.[4] This case more closely aligns with the second and third categories.

---

[4] Instead of addressing these three methods, Defendants argue that they are entitled to qualified immunity because Hall v. Plumber Official, 446 F. App'x 184, 187 (11th Cir. 2011), provides a materially similar case wherein the defendant was entitled to qualified immunity. While the Court previously suggested in dicta that Hall offered "compelling guidance in favor of the grant of qualified immunity[,]" (doc. 151,

7

### A.  Broad Statement of Principle

"Some broad statements of principle in case law are not tied to particularized facts and can clearly establish law applicable in the future to different sets of detailed facts."  Terrell v. Smith, 668 F.3d 1244, 1256 (11th Cir. 2012) (quoting Vinyard v. Wilson, 311 F.3d 1340, 1351 (11th Cir. 2002)); cf. Kisela v. Hughes, 584 U.S. ___, ___, 138 S. Ct. 1148, 1153 (2018) (per curiam) ("Of course, general statements of the law are not inherently incapable of giving fair and clear warning to officers." (quoting White, 580 U.S. at ___, 137 S. Ct. at 552)).[5]  However, "the principle must be established with 'obvious clarity' by the case law so that 'every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted.'"  Terrell, 668 F.3d at 1256 (quoting Vinyard, 311 F.3d at 1351); see also Fransen, 857 F.3d at 852.  Importantly, the "reasoning, though not the holding of prior cases can also send the same message to reasonable officers in novel factual situations."  Mercado v. City of Orlando, 407 F.3d 1152, 1159 (11th Cir. 2005) (citation and internal quotation marks omitted).

---

p. 13 n.6), a closer look reveals sufficient facts distinguishing Hall from this case.  In Hall, the prisoner plaintiff sued a plumber, Richard Marvez, for failing to repair his broken sink for thirty days despite the warden entering a work request form.  The plaintiff alleged that this failure resulted in numerous health issues.  The Eleventh Circuit granted Marvez qualified immunity because it was not "obvious to a prison plumber that a failure to make repairs of a prisoner's sink for a month would equate to an Eighth Amendment violation, especially when the prisoner was known to have access to water and health care services."  Hall, 446 F. App'x at 187.  Here, Plaintiff alleges that Defendants not only refused to enter a timely work order to fix his broken sink but also knew he would not have sufficient alternative access to water and repeatedly refused to resolve the problem.  (11th Cir. Op. II, pp. 2–5, 11–12.)  Thus, the facts in Hall are sufficiently and materially distinct from this case.

[5]  In Kisela, the Supreme Court cautioned courts not to "define clearly established law at a high level of generality."  584 U.S. at ___, 138 S. Ct. at 1152 (citations and internal quotation marks omitted).  However, Kisela involved the Fourth Amendment and excessive force—an area in which "specificity is especially important."  Id. (alteration omitted).  Because excessive force in the Fourth Amendment context "is an area of the law in which the result depends very much on the facts of each case," officers are generally entitled to qualified immunity "unless existing precedent squarely governs the specific facts at issue."  Id. at ___, 138 S. Ct. at 1152–53 (citations and internal quotation marks omitted).  However, this is not a Fourth Amendment excessive force case.

8

In Ort v. White, the Eleventh Circuit held that a prison officer who denied an inmate water when the inmate refused to do his share of work on the farm squad did not commit a constitutional violation. 813 F.2d 318, 325–26 (11th Cir. 1987). The Court reasoned that, in this instance, withholding water was not "punishment in the strict sense, but instead [a] necessary coercive measure[] undertaken to obtain compliance with a reasonable prison rule." Id. at 325. Notably, however, the Court cautioned that a constitutional violation may have occurred if "officials had decided to deny appellant water as punishment for his refusal to work." Id. at 326. In 2002, the Supreme Court determined that Ort established the premise that "physical abuse directed at a prisoner *after* he terminates his resistance to authority would constitute an actionable eighth amendment violation." Hope, 536 U.S. at 743 (emphasis in original).

This premise, or principle, is clearly applicable to this case. Plaintiff was assigned to an isolation cell as punishment for marijuana possession. (11th Cir. Op. II, p. 2.) However, Plaintiff was not just assigned to an isolation cell; he was knowingly assigned to a cell with a broken sink. (Id. at pp. 2, 11–13.) Furthermore, the facts, read in the light most favorable to Plaintiff, indicate that Plaintiff was purposely denied water as punishment for his possession of marijuana. (Id. at p. 14 ("In response to Spires's letter informing him of the broken sink, Deputy Warden Paul wrote to Spires: 'You have no water in your cell in which to drink from, should have thought of the consequences before you got caught with dope!'").)

But even if water was not withheld after the fact as punishment, Ort established that an Eighth Amendment violation would still "have occurred if the method of coercion reached a point of severity such that the recalcitrant prisoner's health was at risk." Hope, 536 U.S. at 743 (citing Ort, 813 F.2d at 326). Such "point of severity" was reached in this case. Due to the lack of water, Plaintiff was forced to drink from his toilet on multiple occasions and ultimately

contracted dysentery. (11th Cir. Op. II, pp. 2–3.) Despite these health risks, Plaintiff's sink was not fixed until nearly a week later.

Thus, Ort and Hope, both decided before the events of this case, provide a broad statement of principle that denying Plaintiff access to potable water violated Plaintiff's "clearly established" rights under the Eighth Amendment.

### B.  Egregious Conduct

Even if Ort and Hope were inapplicable, however, Plaintiff's rights were clearly established because Defendants' conduct in this case was so egregious that a constitutional right was clearly violated. A right may also be clearly established when "the official's conduct lies so obviously at the very core of what the [relevant constitutional provision] prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." Loftus v. Clark-Moore, 690 F.3d 1200, 1205 (11th Cir. 2012) (quoting Terrell, 668 F.3d at 1257). Courts also "recognize the obvious-clarity exception where conduct is 'so bad that case law is not needed to establish that the conduct cannot be lawful.'" Fransen, 857 F.3d at 852 (quoting Vinyard, 311 F.3d at 1350).

Although this category is "narrow," Priester, 208 F.3d at 926–27, Defendant's conduct in this case obviously lies at the core of what the Eighth Amendment prohibits. The Eighth Amendment prevents prison officials from denying inmates "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993) (explaining that an Eighth Amendment violation may be found where a prison official disregards "an inmate's basic needs"). Denying an inmate potable water—such that an inmate is forced to drink out of his own toilet and contracts dysentery—is precisely the type of "minimal civilized measure of life's necessities" the Eighth Amendment

contemplates when proscribing cruel and unusual punishment. (11th Cir. Op. II, p. 9 ("There can be no doubt that adequate hydration is among the basic life necessities that prisoners are guaranteed under the Eighth Amendment." (citation omitted).); see Ort, 813 F.2d at 325–326 (reasoning that denying a nonresistant inmate water over a short period would violate the Eighth Amendment because the denial would be without justification), *relied upon in* Hope, 536 U.S. at 743; accord Dellis v. Corr. Corp. of Am., 257 F.3d 508, 512 (6th Cir. 2001) (limited access to water over a three day period violates Eighth Amendment); Johnson v. Lewis, 217 F.3d 726, 732 (9th Cir. 2000) (valid Eighth Amendment claim where inmates alleged, *inter alia*, inadequate drinking water for four days); Woods v. Thieret, 903 F.2d 1080, 1082 (7th Cir. 1990) ("Clearly, prison officials have a responsibility to provide inmates with a minima of food, shelter and basic necessities."); Ramos v. Lamm, 639 F.2d 559, 568 (10th Cir. 1980) ("[A] state must provide within such living space reasonably adequate . . . utilities (i.e., hot and cold water, light, heat, plumbing.)."); cf. Helling v. McKinley, 509 U.S. 25, 33 (1993) ("[A] prison inmate also could successfully complain about demonstrably unsafe drinking water without waiting for an attack of dysentery.").

Thus, "even in the total absence of [Eleventh Circuit] case law," Defendants conduct—denying Plaintiff potable water for an extended period of time—was so egregious that Plaintiff's constitutional rights under the Eighth Amendment were clearly violated. Accordingly, I find that Defendants are not entitled to qualified immunity, and the Court should **DENY** Defendants' Motion for Summary Judgment.

## CONCLUSION

For the reasons and in the manner set forth above, I **RECOMMEND** the Court **DENY** Defendants' Motion for Summary Judgment, (doc. 134), as to qualified immunity.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 25th day of May, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA