FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 JUL 23 AM 11: 13

CLERK_____
SO. DIS___ GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CURTIS SPIRES, a/k/a JIMMIE CANUPP, JR.,

    Plaintiff,

v.

JOHN PAUL; and OFFICER TAMMIE THOMAS,

    Defendants.

CIVIL ACTION NO.: 6:11-cv-45

## ORDER

Presently before the Court are Defendants' Objections to the Magistrate Judge's Report and Recommendation. (Doc. 181.) After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, (doc. 179). The Magistrate Judge has already addressed, in great detail, the arguments raised in Defendants' Objections. For example, Defendants state that "[a] repeated error of the courts has been 'to define clearly established law at a high level of generality.' Kisela v. Hughes, 138 S. Ct. 1148, 1152 (2018)." (Doc. 181, p. 5.) However, the Magistrate Judge expressly discussed Kisela and this quote in particular. (Doc. 179, p. 8 n.5 ("Kisela involved the Fourth Amendment and excessive force—an area in which 'specificity is especially important.' . . . However, this is not a Fourth Amendment excessive force case.").)

Furthermore, Defendants attempt to re-litigate the issue of whether an Eighth Amendment violation occurred. (Doc. 181, pp. 6–7.) As the Magistrate Judge stated, the Eleventh Circuit Court of Appeals already found that "Defendants 'committed a clear violation

of [Plaintiff's] rights under the Eighth Amendment.' (11th Cir. Op. II, pp. 13, 15[.])." (Doc. 179, p. 6.) Any argument to the contrary has no effect. See Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 881 F.3d 835, 844 (11th Cir. 2018) ("[A] district court cannot amend, alter, or refuse to apply an appellate court's mandate . . . . [T]he mandate must be followed.").

Defendants also continue to rely on Hall v. Plumber Official, 446 F. App'x 184 (11th Cir. 2011), despite the Magistrate Judge specifically distinguishing and explaining the inapplicability of Hall to this case. (Doc. 181, pp. 6–7; Doc. 179, pp. 7–8 n. 4.) While Defendants could have described how the Magistrate Judge's analysis was in error, they failed to do so and simply reiterate the arguments raised in their supplemental briefs.

Finally, Defendants misconstrue both the Magistrate Judge's analysis of Ort v. White, 813 F.2d 318, 326 (11th Cir. 1987), and the case itself. Defendants claim that "Ort v. White . . . actually approved the withholding of water as a disciplinary sanction." (Doc. 181, p. 7.) However, Ort does not "clearly establish" such a sweeping conclusion. As the Magistrate Judge (and the Eleventh Circuit in Ort and the Supreme Court in Hope v. Pelzer, 536 U.S. 730 (2002)) pointed out, the prison officer in Ort received qualified immunity because he only withheld water as a measure to ensure immediate "compliance with a reasonable prison rule." (Doc. 179, p. 9.) "'[P]hysical abuse directed at a prisoner *after* he terminates his resistance to authority would constitute an actionable eighth amendment violation.' Hope, 536 U.S. at 743." (Id.) The Magistrate Judge likened the current case to punishment after termination, and Defendants failed to address how this analysis was in error.

Accordingly, the Court **OVERRULES** Defendants' Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court. The Court **DENIES** Defendants' Motion for Summary Judgment, (doc. 134).

**SO ORDERED**, this 23rd day of July, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA